UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN EDWARD PICKETT, JR.,

                    Petitioner,

vs.                                        Case No.  2:06-cv-394-FtM-29DNF

SECRETARY, DOC,

                    Respondent.

_____

**OPINION AND ORDER**

**I.**

    Petitioner John Edward Pickett (hereinafter Petitioner or Pickett), who is proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus (Docs. #1, #2; Petition)[1] pursuant to 28 U.S.C. § 2254 on July 31, 2006.[2]  Petitioner challenges his state court judgment of conviction of burglary of a structure entered in the Twentieth Judicial Circuit Court in Collier County, Florida.  Petition at 1.  In compliance with this Court's Order, Respondent filed a Response (Doc. #13; Response), submitting numerous exhibits, including the post-conviction motions

_____

    [1]Because the Court refers to both Docs. #1 and #2 as the Petition, for citation purposes the Court consecutively re-numbers Doc. #2 of the Petition starting with the last page number from Doc. #1.

    [2]The Petition was docketed and filed in this Court on August 3, 2006; however, the Court "applies the mailbox rule and refer[s] to the date [Petitioner] signed his motions or petitions and submitted them to prison authorities."  Cramer v. Secretary Dep't of Corrections, 461 F.3d 1380, 1381 n. 1 (11th Cir. 2006).

filed by Petitioner and the transcripts from Petitioner's state court proceedings.  <u>See</u> Doc. #15; Exhs. 1-14.  Petitioner filed a Reply to the Response (Doc. #16, Reply).  This matter is ripe for review.

## II.

Petitioner was charged by Information with three counts: (1) burglary of an unoccupied structure, (2) grand theft, and (3) dealing in stolen property.  Exh. 1, Vol. I at 2.  The State dropped the dealing in stolen property, Response at 2, and after a jury trial on November 29-30, 2001, Petitioner was found guilty of the remaining two counts.  Exh. 1, Vol. I at 21.  On January 8, 2002, the trial court found Petitioner to be a habitual felony offender and sentenced him to ten years for the burglary count and a concurrent five-year sentence for the grand theft count.  <u>Id.</u> at 58-59.

Petitioner filed an appeal challenging the sufficiency of the evidence supporting his grand theft conviction.  Exh. 2 at 2; Response at 2.  The State filed a Response.  Exh. 2 at 3.  At issue was whether the State established the fair market value of the property stolen from the Price Street Church of God.  <u>See</u> <u>Pickett v. State</u>,  839 So. 2d 860, 861 (Fla. 2d DCA 2003); Exh. 2 at 4.  The appellate court found that the State had only established the purchase price of the items, and did not establish the fair market value of the stolen property.  <u>Pickett</u>, 839 So. 2d at 862; Exh. 2 at 4.  Thus, the appellate court reversed the grand theft

-2-

conviction and remanded for an entry of a conviction and sentence for second-degree petit theft. Id. The appellate court affirmed without comment the conviction and sentence for burglary. Pickett, 839 So. 2d at 862; Exh. 2 at 4. On April 28, 2003, Petitioner was adjudicated guilty of petit theft and sentenced to time served. Response at 3.

On September 19, 2003, Petitioner filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 with the trial court, raising four grounds of ineffective assistance of counsel. Exh. 2, Vol. I at 10. Pickett argued that he was provided ineffective assistance of counsel when counsel: (1) failed to move to dismiss the information because it contained a "substantial defect"; (2) failed to move to suppress Petitioner's pre-arrest statements; (3) denied him an opportunity to participate in the jury selection process; and (4) failed to object to an erroneous jury instruction. Id. In response to the trial court's order to respond, the State filed a Response on April 26, 2004, requesting an evidentiary hearing. Id. at 24. The trial court appointed Pickett counsel and held the evidentiary hearing on October 29, 2004. Id. at 49. After the evidentiary hearing, the trial court entered an order denying Pickett's motion for post-conviction relief. Id. at 26-33.

With counsel, Pickett then filed an appeal of trial court's denial of his 3.850 motion to the appellate court. Exh. 7. The State filed a brief in response and then filed an Amended Brief.

Exh. 10 (amended), Exh. 11.  Counsel for Pickett filed a Reply. Exh. 12.  On November 23, 2005, the appellate court per curiam affirmed the decision of the trial court.  Exh. 13.  Petitioner then filed his timely[3] federal Petition raising the same four grounds of ineffective assistance of counsel which were raised in his 3.850 post-conviction motion.  See generally Petition.

## III.

### A.

Petitioner filed his Petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Consequently, post-AEDPA law governs this action.  Penry v. Johnson, 532 U.S. 782, 792 (2001); Davis v. Jones, 506 F.3d 1325, 1331, n. 9 (11th Cir. 2007).  Neither party disputes the applicability of the AEDPA.

### B.

A federal court may entertain an application for a writ of habeas corpus from a state prisoner who claims his custody violates the "Constitution or the laws or treaties of the United States." 28 U.S.C. § 2254(a).  Pursuant to 28 U.S.C. § 2254, a federal court

---

[3]The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year statute of limitations on § 2254 actions.  28 U.S.C. § 2244(d).  Respondent concedes that due to Petitioner's collateral appeals, the Petition in this Court was timely filed. Response at 4, n. 3.  The Court agrees.

may grant habeas corpus relief <u>only</u> if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the Untied States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d). <u>See also</u> <u>Grossman v. McDonough</u>, 466 F.3d 1325, 1335 (11th Cir. 2006), <u>cert. denied</u>, 127 S. Ct. 2430 (2007). Questions of state law are generally insufficient to warrant review or relief by a federal court under § 2254. <u>Estelle v. McGuire</u>, 502 U.S. 62, 68 (1991); <u>Cabberiza v. Moore</u>, 217 F.3d 1329, 1333 (11th Cir. 2000). Questions of state law are only reviewed to determine whether the alleged errors rendered "the entire trial fundamentally unfair." <u>Carrizales v. Wainwright</u>, 699 F.2d 1053, 1055 (11th Cir. 1983).

A state court decision is "contrary to" the Supreme Court's clearly established precedent if the state court applies a rule that contradicts the governing law as set forth in Supreme Court cases, or the state court confronts a set of facts that is materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. <u>Brown v. Payton</u>, 544 U.S. 133, 141 (2005) (citing <u>Williams v. Taylor</u>, 529 U.S. 362, 412-413 (2000)); <u>Stephens v. Hall</u>, 407 F.3d 1195, 1202 (11th Cir. 2005). A state court

decision does not have to cite the Supreme Court precedent, or even be aware of it, so long as neither its reasoning nor its result contradicts Supreme Court precedent. <u>Early v. Parker</u>, 537 U.S. 3, 8 (2002); <u>Parker v. Secretary</u>, 331 F.3d 764, 775-76 (11th Cir. 2003).

A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court identifies the correct governing legal rule from Supreme Court cases but applies it to the facts of the particular inmate's case in an objectively unreasonable manner; or if the state court either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. <u>Brown</u>, 544 U.S. at 1439; <u>Bottoson v. Moore</u>, 234 F.3d 526, 531 (11th Cir. 2000). The unreasonable application inquiry requires the state court decision to be more than incorrect or erroneous; it must be objectively unreasonable. <u>Mitchell v. Esparza</u>, 540 U.S. 12, 17-18 (2003); <u>Lockyer v. Andrade</u>, 538 U.S. 63, 75-77 (2003); <u>Price v. Vincent</u>, 538 U.S. 634, 639 (2003); <u>Woodford v. Visciotti</u> 537 U.S. 19, 25 (2002). Depending upon the legal principle at issue, there can be a range of reasonable applications. <u>Yarborough v. Alvarado</u>, 541 U.S. 652, 663-64 (2004). Thus, a federal court's review is generally not *de novo*, but requires a showing that the state court decision is objectively unreasonable. <u>Id.</u> at 665-66.

If the Supreme Court has not issued a specific holding on the issue at hand, then the state court's decision is not contrary to or an unreasonable application of clearly established federal law. <u>Carey v. Musladin</u>, 549 U.S. 70 (2006).

Additionally, AEDPA requires the Court to presume that the state court's factual findings are correct, and the petitioner bears the burden of rebutting the presumption with "clear and convincing evidence." <u>Schriro v. Landrigan</u>, 127 S. Ct. 1933, 1940 (2007)(footnote omitted); § 2254(e)(1). <u>See also</u> <u>Miller-El v. Dretke</u>, 125 S. Ct. 2317, 2325 (2005); <u>Henderson</u>, 353 F.3d at 890-91. Where credibility is at issue, relief may only be granted if it was unreasonable for the state court to credit the testimony of the witness. <u>Rice v. Collins</u>, 126 S. Ct. 969, 974 (2006).

The statutory presumption of correctness applies only to findings of fact made by the state court, not to mixed determinations of law and fact. <u>Parker v. Head</u>, 244 F.3d 831, 836 (11th Cir. 2001). Because an ineffective assistance of counsel claim is a mixed question of law and fact, the presumption does not apply to determination of the ineffective assistance of counsel. <u>Rolling v. Crosby</u>, 438 F.3d 1296, 1299 (11th Cir.), <u>cert. denied sub nom. Rolling v. McDonough</u>, 126 S. Ct. 2943 (2006). A federal court reviews such determinations <i>de novo</i>. <u>Osborne v. Terry</u>, 466 F.3d 1298, 1305 (11th Cir. 2006), <u>cert. denied</u> 128 S. Ct. 84 (2007).

**C.**

All of Petitioner's claims raise issues of his trial counsel's effectiveness under the <u>Strickland v. Washington</u>, 466 U.S. 688 (1984) standard.  In <u>Strickland</u>, the Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered ineffective assistance.  A petitioner must demonstrate that his or her counsel's performance was deficient, i.e., fell below an objective standard of reasonableness under prevailing professional norms; and that the counsel's deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  <u>Strickland</u>, 466 U.S. at 687-88.  "Without proof of both deficient performance and prejudice to the defense, . . . it [can] not be said that the sentence or conviction 'resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable,' and the sentence or conviction should stand."  <u>Bell</u>, 535 U.S. at 685 (internal citation omitted) (quoting <u>Strickland</u>, 466 U.S. 668, 687 (1984)).

With regard to the performance component of <u>Strickland</u>, a petitioner must provide factual support for the contentions that counsel's performance was constitutionally deficient.  <u>Smith v. White</u>, 815 F.2d 1401, 1406-07 (11th Cir. 1987).  "The petitioner's burden to prove, by a preponderance of the evidence, that counsel's performance was unreasonable is a heavy one."  <u>Jones v. Campbell</u>,

-8-

436 F.3d 1285, 1293 (11th Cir. 2006), <u>cert. denied</u>, 127 S. Ct. 619 (2006).  To show counsel's performance was unreasonable, a petitioner must establish that "no competent counsel would have taken the action that his counsel did take." <u>Grayson v. Thompson</u>, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted).  A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. <u>Strickland</u>, 466 U.S. at 689-90.  A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 477 (2000)(quoting <u>Strickland</u>, 466 U.S. at 690).  "[H]indsight is discounted by pegging adequacy to 'counsel's perspective at the time' . . . and by giving a 'heavy measure of deference to counsel's judgments.'" <u>Rompilla v. Beard</u>, 125 S. Ct. 2456, 2462 (2005) (citations omitted).

If counsel's performance falls "below the line of reasonable practice, there is a further question about prejudice, that is, whether 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" <u>Rompilla</u>, 125 S. Ct. at 2467 (citation omitted).  To show prejudice, a petitioner must show more than simply that counsel's conduct might have had "some conceivable effect on the outcome of the proceeding." <u>Strickland</u>, 466 U.S. at 693.  Instead, a petitioner must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would

have been different." <u>Id.</u> at 694.  A "reasonable probability" is defined as a probability sufficient to undermine the outcome." <u>Id.</u> Prejudice is established only with a showing that the result of the proceeding was fundamentally unfair or unreliable.  <u>Lockart v. Hill</u>, 506 U.S. 364 (1993).

## IV.

For the reasons stated below, the Court finds after *de novo* review that the state court's determination that counsel did not provide ineffective assistance is not contrary to, nor an unreasonable application of, clearly established federal law. Petitioner is not entitled to an evidentiary hearing because the factual basis was developed in a state court evidentiary hearing and Petitioner has not established the requirements of 28 U.S.C. § 2254(e)(2).  The Court addresses each argument in turn.

### A. Failure to Move to Dismiss the Information:

In ground one, Petitioner argues that counsel provided ineffective assistance by not moving to dismiss the burglary count in the Information because it failed to charge that the entry or remaining in the structure was "without consent."  Petition at 5, 16.[4]  Petitioner argues that without this phrase the burglary count

_____

[4]Respondent discusses a federal habeas court's inability to address state law claims, such as what is required to be alleged in an Information to charge a state criminal offense, as a freestanding issue.  Response at 10-12.  While this is generally correct, Petitioner has made clear that he is not asserting a state law claim but only an ineffective assistance of counsel claim. Reply at 3, 4.  There is no doubt that a federal habeas court has

(continued...)

did not charge a criminal offense, and his attorney therefore
provided ineffective assistance of counsel in failing to file a
motion to dismiss.  Respondent asserts that the burglary count
tracked the elements of the statute and was sufficient to set forth
the offense, and that counsel's failure to file a motion to dismiss
was therefore not ineffective assistance.  In Reply, Petitioner
argues that the state court's finding was incorrect because the
Information did not track the language in the Florida Statute,
(Doc. #16 at 4), and that counsel's performance was deficient
because Petitioner "was convicted of a crime not charged."  Id. at
5.

     The Information, in relevant part, charged Petitioner with
burglary pursuant to Florida Statute 810.02 and alleged that
Pickett:

          in Collier County Florida did unlawfully enter or remain
          in a certain structure, to-wit: "Church of God", located
          at or in the vicinity of 319 Prince Street, Immokalee, in
          the County and State aforesaid, the property of Willie
          Harrison, as owner or custodian thereof, with the intent
          to commit an offense therein, to-wit: theft.

Exh. 1, Vol. I at 8.  There is no allegation that this was "without
consent."  Defense counsel, the sole witness, testified at the Rule
3.850 evidentiary hearing that he did not see grounds to move to
dismiss the Information because the language in the Information

----

     [4](...continued)
the authority to review such an ineffective assistance of counsel
claim.

tracked the language of Florida Statute § 810.02.  Exh. 2, Vol. I at 26.

The Rule 3.850 trial court found that "[a]n information that is 'framed substantially in the language of the statute is sufficient. State v. Waters, 436 So. 2d 66, 69 (Fla. 1983) . . ." Exh. 2 at 27.  The trial court found that since the Information "track[ed] the language of the burglary statute and alleges all the essential elements of the crime as laid out in Waters, dismissing the Information for failing to allege all of the essential elements of burglary would not have been proper." Id. at 28.  Applying Strickland, the trial court stated that "'counsel cannot be deemed to be ineffective for failing to raise a motion that would have been futile.'" Id. at 27 (citing Gordon v. State, 863 So. 2d 1215, 1223 (Fla. 2003)).  The trial court also found that Petitioner did not establish that he was prejudiced by the attorney's failure to file the motion to dismiss since there was no likelihood that such a motion would be successful.  The state court denied Petitioner relief as to ground one. Id. at 28.

The Court finds that the state court's determination that the failure to move to dismiss the Information did not amount to ineffective assistance of counsel is not contrary to, nor an unreasonable application of, clearly established federal law.  The state court applied to proper legal standard, i.e., the Strickland standard.  The state court determined that the words of the Information complied with state law and properly charged a

violation of the state burglary statute under <u>Waters</u>.  Review of this finding of state law is not cognizable in a federal habeas proceeding.  <u>Engle v. Isaac</u>, 456 U.S. 107, 119-20 (1982); <u>Davis v. Jones</u>, 506 F.3d 1325, 1332 (11th Cir. 2007)("A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved."  <u>Davis</u>, 506 F.3d at 1332 (quoting <u>Carrizales v. Wainwright</u>, 699 F.2d 1053, 1055 (11th Cir. 1983)).  The state court also determined that filing a motion to dismiss would be futile given the <u>Waters</u> decision, and this determination is clearly correct.  <u>Waters</u> stated that the essential elements of burglary were: "(1) entering or remaining in, (2) a structure or conveyance, (3) with intent to commit an offense therein."  <u>Waters</u>, 436 So. 2d at 69.  In a footnote the Florida Supreme Court referred to its prior decision holding that the lack of consent is not an essential element, but is a defense that must be raised affirmatively. <u>Waters</u>, 436 So. 2d at 69 n.3.  Petitioner's argument that the state court erred in this finding (Reply at 4) is simply wrong; "without consent" is not an element of the Florida burglary statute, it is a defense.  The state court's determination that an attorney is not required to file futile motions in order to satisfy the <u>Strickland</u> standard, was based on <u>Gordon v. State</u>, 863 So. 2d 1215, 1223 (Fla. 2003), which applied the <u>Strickland</u> standard.  Similarly, the Supreme Court has held that petitioner must prove the unfiled motion was meritorious, <u>Kimmelman v. Morrison</u>, 477 U.S. 365, 375,

382 (1986), and the Eleventh Circuit has held that an attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992).   Accordingly, ground one is without merit.

**B. Failure to Move to Suppress Post-Arrest Statements:**

In ground two, Petitioner argues that the tape recorded statement he provided at the police substation was obtained through the detective's "unlawful [coerciveness] . . . deceit and trickery" and "was the sole evidence of intent to commit offense of theft" presented during the trial.   Petition at 18.   Specifically, Petitioner contends that the detective's statement to him that "it's not a crime to want it'" and the fact that Petitioner's statement was given at the police substation made the interrogation "'extremely coercive.'"   Id. at 6, 18.   Additionally, Petitioner argues that the State did not present any evidence at trial to rebut his statement that he received the stolen property from three males.   Id. at 20.

In Response, Respondent argues that a reasonably component attorney viewing the "totality of the circumstances" surrounding Petitioner's statements given at the police substation would not find police coercion.   Id. at 16.   Addressing the "prejudice" prong of Strickland, Respondent argues that the "possibility of success of Pickett's proposed theory of suppression is quite remote at best."   Id. at 16.

-14-

In Reply, Petitioner asserts that the court should have considered the fact that the interrogation took place at the police substation when evaluating the totality of the circumstances. Reply at 7.    Petitioner also argues that the trial court unreasonably applied Strickland because counsel's failure to move to suppress a coerced statement amounts to ineffective assistance of counsel.  Id. at 9-10.  Further, Petitioner claims that "but for counsel's unprofessional error . . . the result of his trial would have been different."  Id. at 10-11.

The Rule 3.850 court found the defense counsel testified that he had "read [Pickett's] statement and spoke with him regarding the circumstances surrounding the statement" and "did not file a motion to suppress because he did not believe the statement was coerced." Exh. 2, Vol. I at 28. The Rule 3.850 court also recognized that Petitioner had been in a police substation and that at trial the detective testified that Pickett was read his Miranda rights, understood the rights, and signed a Miranda waiver form, and that Petitioner was not challenging the validity of his Miranda waiver. Exh. 2, Vol. I at 28-29, 31.   The Rule 3.850 court found that Petitioner's statement was not coerced when the totality of the circumstances were examined, even if the detective's statement had been misleading.  Viewing the totality of the circumstances, the trial court found that suppression of Pickett's statement would not have been proper.  Thus, the Rule 3.850 court found that defense counsel could not be deemed ineffective for failing to file the

motion to suppress and Petitioner failed to establish any prejudice from the failure to file a motion to suppress.  Id. at 30-31.

"To obtain relief where an ineffective assistance claim is based on counsel's failure to file a timely motion to suppress, petitioner must prove: (1) that counsel's representation fell below an objective standard of reasonableness, (2) that the Fourth Amendment claim is meritorious, and (3) that there is a reasonable probability that the verdict would be different absent the excluded evidence." Zakrsewski v. McDonough, 455 F.3d 1254, 1260 (11th Cir. 2006) (citing Kimmelman, 477 U.S. at 375).  Petitioner has not established at least the first two Zakreswski elements. Petitioner's statement was preceded by Miranda warnings, which he has never contested (Reply at 8), and a reasonable attorney would have concluded that the statement was voluntary.  Berkemer v McCarty, 468 U.S. 420, 433 n.20 (1984)("[C]ases in which a defendant can make a colorable argument that a self-incriminating statement was 'compelled' despite the fact that the law enforcement authorities adhered to the dictates of Miranda are rare"). Upon thorough review of the record and the findings by the state court, this Court finds no error.  The state court's determination that failure to file a motion to suppress did not amount to ineffective assistance of counsel is not contrary to, nor an unreasonable application of, the Strickland standard.

**C. Failure to Allow Petitioner to Participate in the Jury Selection Process**:

In ground three, Petitioner claims ineffective assistance of counsel when his attorney did not allow him to participate in the jury selection process. Petition at 8, 21. Specifically, Petitioner contends that counsel did not consult him as to the use of peremptory challenges. Id. at 21. In Response, Respondent asserts that Petitioner offered no evidence in his 3.850 proceeding as to how he was prejudiced by the counsel's actions. Response at 17. Respondent argues that the state court's decision was reasonable. Id. Further, Respondent references the factual findings made during the state court's evidentiary hearing and argues that Petitioner does not overcome his burden with regard to those factual findings. Id. In his Reply, Petitioner concedes that he was "present during voir dire, and bench conferences [sic] the state court finding with respect to this ground were correct." Reply at 12. Petitioner, however, maintains that his attorney did not consult him prior to making a peremptory challenge and references the Court to the transcript from the state court's evidentiary hearing. Id. at 13. Petitioner asserts that he submitted that the state court give his recollection of the trial "great deference . . . since it was his trial and his time in court such that his recollection was more accurate and reliable than

[defense counsel's] who had many instances of being before [sic] and picking juries." Id.

At the state court's 3.850 evidentiary hearing, defense counsel "testified that it is his standard practice to have his clients involved in jury selection." Exh. 2, Vol. I at 31. Counsel testified that Pickett "sat with him at the defense table during voir dire and during selection of the jury." Id. The trial court credited counsel's testimony, found that Pickett did not satisfy the Strickland test, and further found that Pickett "failed to present any evidence that he was prevented from participating in jury selection." Id.

Upon thorough review of the record and the findings by the state court, this Court finds no error. The state court's determination that failure to file a motion to suppress did not amount to ineffective assistance of counsel is not contrary to, nor an unreasonable application of, the Strickland standard. The decision as to which potential jury should be excused by a peremptory challenge is not one of those decisions which requires a criminal defendant's consent. Florida v. Nixon, 543 U.S. 175, 187 (2004). Petitioner's argument that the jurors were excused from the room, and therefore he could not put a face with a number (Reply at 12), does not support the argument that Petitioner was not allowed to participate in jury selection. The Court finds ground three is without merit.

**4. Failure to Object to Erroneous Jury Instruction:**

Petitioner argues that "counsel was ineffective for failing to object to the 'remaining in portion of the jury instructions on burglary because there was no evidence at trial that he 'surreptitiously remained in the structure'." Petition at 23-24. Petitioner asserts that counsel's deficient performance in failing to object to the jury instructions caused him prejudice. Id. at 24. In Response, Respondent argues that this is a matter of state law, and refers to counsel's testimony from the 3.850 evidentiary hearing, stating the jury instruction was a "standard instruction." Response at 18. Respondent further argues that Petitioner does not establish that counsel's performance was deficient or that the he incurred prejudice as a result of counsel's failure to object to the standard jury instruction. Id. In his Reply, Petitioner states that this claim is "not a state law claim, but an [ineffective assistance of counsel claim]." Reply at 15. In summary, Petitioner reasserts that counsel's performance amounted to the ineffective assistance of counsel by not objecting to the jury instructions because evidence was produced during the trial that the minister had previously invited him to the church. Id. at 23-26

The state court's ruling applied the Strickland test and denied Petitioner relief on this ground finding that he did not produce evidence that counsel's failure to object to the jury instruction "fell outside 'the range of reasonable professional

assistance.'" Exh. 2, Vol. I at 31-32.  The court also found that Petitioner did not demonstrate how the failure to object prejudiced him.  Id. at 32.  Specifically, the state court cited to Collins v. State, 839 So. 2d 490 (Fla. 4th DCA 2003); Roberson v. State, 841 So. 2d 490 (Fla. 4th DCA 2003), finding that "[w]hen all of the evidence at trial clearly points to the 'breaking and entering' method of burglary, 'the defendant was not prejudiced by the inclusion of the 'remaining in' language of the instruction." Id. at 32.

The fact that a jury instruction is alleged to be incorrect under state law is not a basis for federal habeas relief.  Estelle v. McGuire, 502 U.S. 62, 71-72 (1991); Marshall v. Lonberger, 459 U.S. 422, 438 n.6 (1983); Jamerson v. Secretary for Dept. Of Corrections, 410 F.3d 682, 688 (11th Cir. 2005).  Ineffective assistance of counsel for failing to object to an incorrect jury instruction is a constitutional claim which is cognizable in a § 2254 proceeding.  Upon thorough review of the record and the findings by the state court, this Court finds no error.  The state court's determination that failure to object to the jury instruction did not amount to ineffective assistance of counsel is not contrary to, nor an unreasonable application of, the Strickland standard.

ACCORDINGLY, it is hereby

**ORDERED**:

1.   The Petition (Docs. #1-#2) is **DENIED** and this case is dismissed with prejudice.

2.   The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __9th__ day of July, 2008.


JOHN E. STEELE
United States District Judge


SA: alj
Copies: All Parties of Record
        **Eleventh Circuit Court of Appeals, Case No. 08-12768-F.**